Supreme Court

In the Matter of Jose Luis Serpa.                    No. 2014-154-M.P.

**O R D E R**

This matter is before the Court pursuant to a petition for reciprocal discipline filed in accordance with Article III, Rule 14, of the Supreme Court Rules of Disciplinary Procedure. The respondent, Jose Luis Serpa, is a member of the bar of this state and has been on inactive status since June 7, 2013. However he remains subject to the disciplinary jurisdiction of this Court. The respondent is also admitted to the practice of law in the Commonwealth of Massachusetts.

On May 1, 2014, the Supreme Judicial Court of the Commonwealth of Massachusetts entered an order suspending the respondent from the practice of law in the Commonwealth for a period of sixty days, commencing June 1, 2014. A copy of that order was forwarded to this Court's Disciplinary Counsel on May 12, 2014.

Rule 14, entitled "Reciprocal discipline," provides, in pertinent part: "(a) Upon notification from any source that a lawyer within the jurisdiction of the [Disciplinary] Board has been disciplined in another jurisdiction, [Disciplinary] Counsel shall obtain a certified copy of the disciplinary order and file it with the court." On May 13, 2014 Disciplinary Counsel filed a certified copy of the order of discipline with a petition requesting that we impose reciprocal discipline. A copy of that petition was also forwarded to the respondent.

On May 21, 2014, in response to that petition, this Court entered an order directing the respondent to inform this Court within thirty days of any claim that he may have that the imposition of reciprocal discipline would be unwarranted. On May 23, 2014, prior to his receipt of that order, the respondent submitted his answer to the petition, advised this Court that he does

1

not contest the petition, and acknowledged that the imposition of reciprocal discipline is warranted under our rules.

The factual basis for the respondent's discipline in the Commonwealth is as follows. In 1998, the respondent accepted an appointment through the Suffolk County Bar Advocate Program, acting on behalf of the Committee for Public Counsel Services (CPCS), to represent a defendant, Damian McNulty, on a criminal complaint. Pursuant to his agreement with the bar advocate program the respondent was not entitled to receive any compensation from the defendant and would accept any payment from CPCS as full payment for his legal services. However, in contravention of his agreement with the bar advocate program, the respondent solicited and received a fee from McNulty and also received payment from CPCS. McNulty entered a plea of guilty to the charge on October 29, 1998, and the case was concluded.

On March 28, 2011, while represented by new counsel, McNulty filed a motion for a new trial, alleging that the respondent had provided ineffective assistance of counsel in his representation. McNulty also submitted an affidavit to the court containing various allegations, including an assertion that he had paid a fee to the respondent for his prior representation. Copies of the motion and affidavit were provided to the respondent.

The respondent prepared an unsolicited counter-affidavit refuting the allegations made by McNulty in his motion for a new trial, appeared at the court for the hearing on the motion, and submitted his affidavit to the court. In his affidavit the respondent specifically denied receiving a fee from McNulty. The motion for a new trial was denied on May 20, 2011.

However, McNulty subsequently submitted proof that he had in fact made a payment to the respondent for his prior representation. On September 15, 2011 the court granted McNulty's motion for a new trial and referred the respondent's conduct to the Massachusetts Board of Bar

Overseers, Office of Bar Counsel, for review. That referral initiated the process leading to the imposition of discipline in the Commonwealth.

The Supreme Judicial Court concluded that, by soliciting and receiving a fee from McNulty in contravention of his agreement with CPCS, the respondent violated Rule 1.5 of the Massachusetts Rules of Professional Conduct.[1] Additionally, by making misrepresentations in his own affidavit which he submitted to the court regarding the new trial motion, misrepresentations which the Supreme Judicial Court concluded were reckless but not intentional, the respondent violated Rule 8.4(d)[2] of the Massachusetts Rules of Professional Conduct. The Supreme Judicial Court concluded that a sixty-day suspension was an appropriate sanction to impose.

After review of the petition for reciprocal discipline, the order of term suspension issued by the Supreme Judicial Court of the Commonwealth of Massachusetts, and the answer of the respondent acknowledging that the imposition of discipline is warranted, we deem that an order imposing identical reciprocal discipline is appropriate. Accordingly, it is hereby ordered, adjudged, and decreed that the respondent, Jose Luis Serpa, is suspended from the practice of law in this state for sixty days, effective June 11, 2014.

Entered as an Order of this Court this 11th Day of June, 2014.

---

[1] Rule 1.5 of the Massachusetts Rules of Professional Conduct, entitled "Fees" provides, in pertinent part: "(a) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee * * *." This provision is identical to Article V, Rule 1.5(a) of our Supreme Court Rules of Professional Conduct.

[2] Rule 8.4 of the Massachusetts Rules of Professional Conduct, entitled "Misconduct" provides, in pertinent part: "It is professional misconduct for a lawyer to * * * (d) engage in conduct that is prejudicial to the administration of justice; * * *." This provision is substantially similar to Article V, Rule 8.4(d) of our Supreme Court Rules of Professional Conduct.

By Order,

_____/s/_____
Clerk


**TITLE OF CASE:**      In the Matter of Jose Luis Serpa.

**CASE NO:**      No. 2014-154-M.P.

**COURT:**      Supreme Court

**DATE ORDER FILED:**      June 11, 2014

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      N/A – Court Order

**JUDGE FROM LOWER COURT**:

        N/A – Court Order

**ATTORNEYS ON APPEAL:**

        For Petitioner:      David Curtin, Esq.
                        Chief Disciplinary Counsel

        For Respondent:      Jose Luis Serpa, Esq.